UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **HAILO TECHNOLOGIES, LLC,**  <br><br>  **Plaintiff,**  <br>  v.  <br><br>  **WALMART INC. AND WALMART.COM,**  <br><br>  **Defendant.** | Case No.  <br><br>  **JURY TRIAL DEMANDED** |

## COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 6,407,698

Plaintiff Hailo Technologies, LLC ("Plaintiff"), by and through its undersigned counsel, for its complaint for patent infringement against Walmart Inc. and Walmart.com ("Defendants"), makes the following allegations. These allegations are made upon information and belief.

### NATURE OF THE ACTION

1. This is an action against Defendant for infringement of one or more claims of United States Patent No. 6,407,698 ("the '698 Patent").

### THE PARTIES

2. Plaintiff is a limited liability company organized under the laws of the state of California and has an office and principal place of business at California limited liability company with its principal office located in California, at 35 Hugus Alley, Suite 210, Pasadena, CA 91103.

3. Defendant Walmart Inc. and Walmart.com are organized under the laws of Arkansas and has a principal place of business at 9555 S Post Oak Rd, Houston, TX 77096. Walmart and Walmart.com may be served at 702 SW 8th Street, Bentonville Arkansas 72716-6209.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over the Defendant because, *inter alia*, it regularly conducts business in the state of Texas, and continues to commit acts of patent infringement in the state of Texas including by making, using, offering to sell, and/or selling, and/or importing, smart car chargers and software applications including without limitation, the Roav SmartCharge Car Kit F2 and Roav SmartCharge Car Kit F3, which infringes at least one claim of the '698 Patent (hereinafter "Accused Products"), over the internet throughout the United States, including sales targeted at the state of Texas, thereby purposefully availing itself of the benefits of the state.

7.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## FACTUAL BACKGROUND
## THE '698 PATENT

8.  Plaintiff is the owner, by assignment, of the '698 Patent", entitled "Parked Vehicle Locator," which was duly and legally issued on June 18th, 2002 by the United States Patent and Trademark Office ("USPTO"). A copy of the '698 Patent is attached to this Complaint as **Exhibit A.**

## THE ACCUSED PRODUCTS

9.  Defendants market an Accused Product known as the Roav SmartCharge Car Kit F2, which is marketed at https://www.walmart.com/ip/Roav-by-Anker-SmartCharge-with-Bluetooth-FM-Transmitter-Car-Locator/675283692 and

https://www.walmart.com/ip/Anker-Roav-F3-BT-FM-Transmitter/301491225. Claim charts for the Accused Products are attached as **Exhibit B and Exhibit C.**

10. Plaintiff had originally sued Anker Innovations Limited, the manufacturer of the Accused Product, for infringement in the Central District of California and again in the Western District of Washington. However, Anker claimed that service was improper and stated that they do not have any distributors located in the United States, which is obviously not true. See letter attached at **Exhibit D**. Anker has been on notice of the '698 Patent since as early as January, 26, 2018

## COUNT I: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(a)

11. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. All of the claims of the '698 Patent are valid and enforceable.

13. Claim 1 of the '698 Patent covers a method for "A method for facilitating returning to a parked vehicle location using a single global positioning system, comprising: sensing an occurrence that indicates that a vehicle has gone to a parked state, and upon said sensing a signaller wirelessly sending an activation signal, said occurrence selected from the group consisting of turning a vehicle interior light on or off, turning an engine on or off, opening or closing a door, and shifting a gear shift to the park position from another position, and; responsive to receiving the wireless activation signal at a portable locator device, obtaining first position information for the portable locator device at the time of receipt of the wireless activation signal by accessing a global positioning system from the portable locator, storing the first position information for the portable locator device for later use in a memory onboard the portable locator device, and upon the portable locator device receiving a user request for locating

the vehicle, obtaining second position information for the portable locator, obtaining the bearing information of the portable locator, comparing the second position information and bearing with the stored first position information, and determining bearing and distance to the first position location with respect to the second position location.

14. Defendants Walmart and Walmart.com, including its agents and assigns, distribute the Accused Product.

15. Thus, Walmart and Walmart.com infringe at least Claim 1 of the '698 Patent.

16. Plaintiff has been, and will continue to be, irreparably harmed by Walmart and Walmart.com's ongoing infringement of the '698 Patent.

15. As a direct and proximate result of Defendants' infringement of the '698 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or reasonable royalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

    A. An award of damages in an amount to be determined at trial, but not less than a reasonable royalty and/or Plaintiff's lost profits as a result of Defendants' infringing actions;

    B. A trebling, pursuant to 35 U.S.C. § 284, of any and all damages awarded for Defendants' infringement of the '698 Patent;

    C. An award of interest and costs; and

    D. For such other and further relief, as may be just and equitable.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

DATED:  January 4, 2020

Respectfully submitted,

*/s/ Todd Y. Brandt*
Todd Y. Brandt
TX State Bar 24027051
Brandt Law Firm
222 N. Fredonia Street
Longview, TX 75601
Tel: 903 753 6760
tbrandt@thebrandtlawfirm.com

***Attorneys for Plaintiff Hailo Technologies, LLC***